JOHNSON, Judge
(concurs in part and dissents in part) :
I agree with the portion of the majority opinion that holds that the evidence was sufficient to sustain the conviction, as to breaking and entering and possession of burglary tools.
I disagree with the holding of the majority opinion that the trial court was correct in imposing two separate sentences.
In this case, in moments after the appellant, defendant below, was seen entering or allegedly entering the rooms, and while waiting for the police to arrive, the screwdriver ápparently fell from appellant’s clothes. The testimony to bolster the State’s case of breaking and entering was to the,effect that this particular screwdriver, with blue paint from the room doors still on it, was the one being used by the appellant in trying to break open the room doors. The very testimony of the State’s witnesses conclusively proves that the use of the same screwdriver was tied into the same criminal episode and therefore the same was a facet of the single transaction and falls directly within the holding of the Supreme Court of Florida in the case of Cone and Sanders v. State of Florida, (Case #42,760) (Opinion filed March 7, 1973), wherein it is held that where the charges are armed robbery and display of using a firearm during the commission of a felony, were facets of the same transaction and therefore bore only one sentence. In the case, sub judice, the screwdriver was being used in the breaking and entering. Without the screwdriver, based on the evidence, there could or would not have been any breaking or entering under the facts of this case. Therefore, while I think the evidence was sufficient to support the guilty verdict, it was error for the trial court to adjudge the defendant guilty of two offenses and to enter two sentences thereon. Since each of the offenses constitutes a facet of single transaction, and since the breaking and entering is the more serious or higher offense, the sentence imposed for possession of the burglary tool, to wit: the screwdriver, should be vacated and set aside.